United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20832
Conference Calendar

_____

RONNIE DAVIS,

                                    Plaintiff-Appellant,

versus

UNIVERSITY OF TEXAS MEDICAL BRANCH; DR. JOHN STOBO, President;
GENE MCMASTERS, Practice Manager; GLENDA ADAMS, M.D.;
JULIA LAWSON, P.A.,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-2104
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Ronnie Davis, Texas prisoner # 1250016, appeals the district

court's dismissal of his 42 U.S.C. § 1983 complaint for failure

to state a claim upon which relief may be granted.  Davis alleged

that the defendants' treatment constituted deliberate

indifference to his serious medical needs.

    We review de novo a dismissal for failure to state a claim

on which relief can be granted.  Scanlan v. Texas A&M Univ.,

343 F.3d 533, 536 (5th Cir. 2003).  Unsuccessful medical

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

treatment does not give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). In addition, a physician's failure to follow the advice of another physician is not evidence of deliberate indifference. Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999). While Davis may have disagreed with the treatment he received from prison medical staff, their level of care does not demonstrate deliberate indifference to his medical needs. See Varnado, 920 F.2d at 321.

Davis is cautioned that the district court's dismissal of his complaint for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). He is also cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.